## VULCAN FORGING COMPANY v. EMPLOYMENT SECURITY COMMISSION.

1. UNEMPLOYMENT COMPENSATION—DISQUALIFICATION FOR BENEFITS —RESPONSE TO CALL TO REPORT.

Claimant for unemployment compensation benefits was not disqualified therefor for failure to respond to notice of recall to report for work within a reasonable time, where he responded 3 days after notice had been given thereby showing his availability for work, and union contract with employer allowed 5 days within which to respond before losing seniority (CLS 1956, §§ 421.28, 421.29).

2. SAME—NOTICE OF RECALL—FINDING OF REFEREE AND APPEAL BOARD—EVIDENCE.

Finding of referee and appeal board of employment security commission that claimant for unemployment compensation benefits was bound by instructions to employer relative to giving notice of recall *held*, unsupported by record in that there is no evidence of compliance with such instructions (CLS 1956, § 421.29).

3. SAME—DISQUALIFICATION FOR BENEFITS—RECALL NOTICE—EVIDENCE.

Claimant for unemployment compensation *held*, not disqualified for such benefits because of claimed failure to respond to recall notice, where evidence shows suitable notice had not been given (CLS 1956, § 421.29).

4. SAME—DISQUALIFICATION FOR BENEFITS—FINDING AS TO RECALL NOTICE.

Finding of referee, appeal board of employment security commission, and circuit judge that employment offered was not "suitable" even if recall notice to laid-off employee were proper, hence, that claimant for unemployment compensation benefits was not disqualified therefor, *held*, supported by record (CLS 1956, § 421.29).

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 10.

Appeal from Ingham; Hughes (Sam Street), J. Submitted December 7, 1962. (Docket No. 120, Calendar No. 49,299.)   Decided December 31, 1962.

Kenneth Damron presented his claim for unemployment compensation which was allowed on basis that employment offered was not suitable. On certiorari by Vulcan Forging Company, employer, against Michigan Employment Security Commission, its appeal board, and the employee-claimant, award upheld on basis that notice of recall to work was not properly given. Employer appeals. Affirmed.

*Long, Ryan, Grylls, Franseth & Spicer* (*Paul Franseth,* of counsel), for plaintiff employer.

*Julius M. Grossbart,* for defendant employee.

ADAMS, J.   Claimant Kenneth Damron was employed by Vulcan Forging Company. On February 21, 1958, plaintiff was laid off by a telegram advising him not to return to work until further notice. Damron had a wife and 4 children. His rent in Detroit was $20 a week. He could rent at Hellier, Kentucky, for $10 per month. Damron went to Bud Morris, the personnel man for the company to tell him he was going to Kentucky. Morris told Damron there would be no more work in March, that they had no orders for April and that they would call him in Kentucky.

On March 5th, the company sent a wire to Damron at his Detroit address advising him to report to work. Damron called in on March 7th and was told that there were only 3 days of work and therefore he was not to report. Claimant testifies that on his call of March 7th to Bud Morris he let him know his phone number and proper address. On March 21st, claimant was sent a wire at Hellier, Kentucky,

advising him to report to work. A report was sent back by Western Union Telegraph Company that the wire was delivered to Kenneth Damron. Claimant states he never received the wire. There are a number of Damrons in the Hellier vicinity and at least 1 other Damron was receiving mail at the Hellier post office, according to the testimony of the postmaster.

Damron sought work in Kentucky. He obtained intermittent employment. He never refused any work that was offered to him. In addition to seeking work in the mines and elsewhere, he testified that he was ready, willing, and able to go back to work at any time for the Vulcan Forging Company. In these circumstances, claimant was available under section 28 of PA 1936 (Ex Sess), No 1, the Michigan employment security act, as amended (CLS 1956, § 421.28 [Stat Ann 1960 Rev § 17.530]).

Damron again contacted the company on May 21, 1958, at which time he was informed that his name had been removed from the seniority list for failing to report for work "within 5 days after being notified to return after a layoff."

Claimant applied for unemployment benefits. The commission determined that he was eligible April 25, 1958. There followed a series of redeterminations which need not concern us here except as to the final one. The referee there held that claimant made an adequate, timely response on March 7, 1958, to the notice of recall sent to him on March 4, 1958, so that he was not disqualified for benefits in respect to said notice; and, further, that the work which was available per the notice sent to claimant to Hellier, Kentucky, on March 21, 1958, was not suitable and consequently claimant was not disqualified for benefits for failing to respond to the notice. The appeal board affirmed the referee. The circuit court, on appeal by writ of certiorari, held that the

response on March 7, 1958, was timely, that the notice of March 21, 1958, was not properly and duly sent, and that the work which was available was not suitable.

The first recall notice sent to claimant on March 4, 1958, presents little difficulty. The claimant actually reported on March 7, 1958, and was told not to return to work at that time as work was not available. The union contract provides that "employees may be removed from the seniority list if * * * (d) they do not report for work within 5 days after being notified to return following layoffs."

Plaintiff last worked on February 21, 1958, at which time he received a telegram stating "don't report to work until further notice." Plaintiff testified "after I was laid off I went to the company and told the personnel manager that I was coming to Kentucky. He told me there would be no more work in March and they have no orders for April, and they would call me in Kentucky * * *. I called in on March 7th." Under these circumstances, the finding of the referee and the appeal board that the claimant responded within a reasonable time and was therefore not disqualified for benefits is proper.

The problem with regard to the second notice which was sent on March 21, 1958, is somewhat more complicated. The recall wire was sent to Kenneth Damron, at Hellier, Kentucky. The company received a report from the Western Union which reads: "Your wire to Kenneth Damron Hellier Ky delivered this date 4 55 pm Western Union Tel Co." On the basis of this showing, the referee held that claimant was bound by the instructions which he had given to his employer.

This finding of the referee is not supported by the record. Larry P. Compton, manager for the Western Union at Pikeville, Kentucky, testified that Western Union does not have a branch office at Hellier, Ken-

tucky, and that wires addressed to a person at that place would be sent to Pikeville. They would then be mailed to Hellier unless special instructions were given for delivery. He stated that he had searched the records of the Pikeville office and "I found absolutely nothing. No record whatsoever in regard to a message having been sent." He further stated that if a message had been sent, a copy of it would have been retained in the records of the Pikeville office.

Claimant testified that when he called on March 7, 1958, he talked to the personnel manager, Bud Morris, and gave him his phone number and proper address. The records of the Southern Bell Telephone-Telegraph Company indicate that a call was made from Elkhorn City (about 7 miles from Hellier) telephone number 2327, the number Damron was using, on March 7, 1958, at 11 a.m. to Detroit, Michigan. William E. Renner, treasurer for Vulcan Forging Company, testified that the usual procedure on recall was to call on the telephone. The union contract provides: "Employees will furnish a place for telephone contact for notice as to whether to report for work." Renner stated Bud Morris, the personnel manager, was the proper person for claimant to contact. He further stated that the personnel manager did not keep a record of all incoming calls. Morris was not produced to refute the testimony of Damron. The fact that the address for claimant was corrected from Detroit to Hellier corroborates claimants' story.

There was no proper foundation laid for admitting into evidence a Western Union report completely unidentified as to the actual sender that the wire had been delivered to Kenneth Damron. Even if there had been the report was refuted. Under these circumstances, the finding of the referee and of the appeal board is not supported by the record. Absent a message of recall properly and duly sent, the

claimant is not disqualified under section 29(1)(a) (5) of the act for failure to respond (CLS 1956, § 421.29 [Stat Ann 1960 Rev § 17.531]).

These 2 findings dispose of the case. It is unnecessary to pass upon the further finding of the referee, the appeal board, and the circuit judge that the offer of partial or part-time work was not "suitable" and that consequently even if the notice to claimant had been proper, claimant would not have been disqualified for failure to return to work. On this point the circuit judge said:

"The record indicates that if the claimant had returned to work after recall, on March 5, 1958, he would have worked or drawn pay for 20 days up to the end of May. * * *

"Ordinarily, if proper recall notice is sent to an employee, such employee is obligated to return to his job; if he does not return he is disqualified to receive benefits under the act. There can well be extreme situations in which sporadic intermittent work, even on the same job as prior held, might be found to be not suitable. Apparently, Referee Sternberg so found in the case before us."

This finding is supported by the record and would be an additional ground for affirming the disposition which was made of this matter below.

Affirmed with costs to the claimant, Kenneth Damron.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred with ADAMS, J.

BLACK, J., concurred in result.